UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES H. PARKER** | **CIVIL ACTION NO. 3:13-cv-2964** |
| **LA. DOC #336890** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN, DAVID WADE** | |
| **CORRECTIONS CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Charles H. Parker, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on October 28, 2013. Petitioner attacks his 1994 second degree murder conviction and the life sentence imposed by the Fifth Judicial District Court, Franklin Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and filed in violation of a prior order of the United States Fifth Circuit Court of Appeals, and, that it be **TRANSFERRED** to the Fifth Circuit Court of Appeals.

*Statement of the Case*

Petitioner was convicted of second degree murder in 1994 and sentenced by the Fifth Judicial District Court, Franklin Parish, to serve life without parole. His conviction and sentence were affirmed on appeal by the Second Circuit Court of Appeals on September 27, 1995. *State of Louisiana v. Charles H. Parker, Jr.*, 27,417 (La. App. 2 Cir. 9/27/1995), 661 So.2d 603, cert. denied, 95-2576 (La. 2/16/1996), 667 So.2d 1049. His numerous attempts to obtain post-

conviction relief in the Louisiana courts were ultimately denied. *State of Louisiana ex rel. Charles H. Parker, Jr. v. State of Louisiana*, 2000-2822 (La. 8/24/2001), 795 So.2d 321; *State of Louisiana ex rel. Charles H. Parker, Jr. v. State of Louisiana*, 2003-0961 (La. 4/23/04), 870 So.2d 286; *State of Louisiana ex rel. Charles H. Parker, Jr. v. State of Louisiana*, 2005-2205 (La. 5/26/06), 930 So.2d 13; *State of Louisiana ex rel. Charles H. Parker, Jr. v. State of Louisiana*, 2008-0521 (La. 12/12/08), 997 So.2d 554; *State of Louisiana ex rel. Charles H. Parker, Jr. v. State of Louisiana*, 2008-2597 (La. 8/12/09), 17 So.3d 376 *reconsideration denied*, 2008-2597 (La. 10/2/09), 18 So.3d 110; *State of Louisiana ex rel. Charles H. Parker, Jr. v. State of Louisiana*, 2011-1243 (La. 3/9/12), 84 So.3d 545; *State of Louisiana ex rel. Charles H. Parker, Jr. v. State of Louisiana*, 2011-1243 (La. 4/27/12), 86 So.3d 613; *State of Louisiana ex rel. Charles H. Parker, Jr. v. State of Louisiana*, 2013-0718 (La. 9/13/13), 120 So.3d 695 *reconsideration denied*, 2013-0718 (La. 11/15/13), — So.3d —.

He sought *habeas corpus* relief in this Court and his first petition was denied and dismissed on June 11, 1997. *Parker v. Ward*, 3:96-cv-1662. His request for COA was denied by the United States Fifth Circuit Court of Appeal on December 12, 1997. *Parker v. Ward*, 97-30741. His petition for *certiorari* was denied by the United States Supreme Court. *Charles Henry Parker v. Kelly Ward*, 523 U.S. 1124, 118 S.Ct. 1808, 140 L.Ed.2d 946 (1998). His subsequent attempts to obtain permission to file successive *habeas* petitions on the grounds that counsel failed to advise petitioner of a plea deal were denied by the Fifth Circuit. *In re: Parker*, 01-31071; *In re: Parker*, 03-30980; *In re: Parker*, 04-30549.

On August 9, 2006, he filed yet another motion for authorization to file a successive *habeas* petition, again alleging that his trial attorney neglected to convey a plea offer by the State.

On September 7, 2006, his motion was denied and he was cautioned that future filings of repetitious or frivolous motions would invite sanctions. *In re: Parker*, 06-30826.

On July 14, 2009, he filed yet another motion in the Fifth Circuit seeking permission to file a successive *habeas corpus* based on his claim that trial counsel neglected to advise him of a plea offer. On August 4, 2009, his motion was denied and the Court noted,

> Parker has raised the same issue in previous motions for authorization, and his present motion is frivolous and repetitious... Accordingly, Parker is ORDERED to pay a sanction in the amount of $200 to the Clerk of this Court. Parker is BARRED from filing in this court or any other court subject to this court's jurisdiction, any challenge to his conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Parker is CAUTIONED that filing any future frivolous or repetitive challenges to his conviction or sentence in this court or any other court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions. *In re: Parker*, 09-30594.

On October 28, 2013, petitioner filed a *pro se* pleading entitled, "Persuasive Motion to Consider a Federal Constitution Issue." By this motion petitioner seeks to collaterally attack his murder conviction on the grounds that his trial counsel failed to convey a plea offer. [Doc. 1] The pleading was construed as a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. §2254 and petitioner was instructed to comply with Local Rule 3.2 of the Western District of Louisiana by submitting his claims on the form provided to prisoners in this District. [Doc. 3] On November 18, 2013, he submitted his petition on the appropriate form. Once again, petitioner attempts to collaterally attack his murder conviction on the grounds that his trial counsel failed to convey a plea agreement. [Doc. 4]

*Law and Analysis*

As petitioner is surely aware, Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second

or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This petition attacks the same conviction and sentence which was the subject of earlier petitions. Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims. Further, as noted above, petitioner has been sanctioned by the Court of Appeals because of his numerous frivolous filings. He has not paid the sanction ordered in 2009 and therefore he remains BARRED from filing either in this Court or in the Court of Appeals.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Such transfers are authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing; further, petitioner has been sanctioned and barred and has not demonstrated compliance with the prior sanction order. Transfer pursuant to 28 U.S.C. §1631 is appropriate.

      Therefore,

**IT IS RECOMMENDED** that the petition be deemed successive and filed in violation of the prior order of the United States Fifth Circuit Court of Appeals, and that it be **TRANSFERRED** to that Court pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b) and the sanction order issued in *In re: Charles H. Parker, Jr.*, No. 09-30594.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana , December 4, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE